IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| GINA CARDERELLI, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 5:15cv00004 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| BRADLEY DURUTTYA, et al., | )     United States District Judge |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on defendant Bradley Duruttya's motion to dismiss for failure to timely effect service of process (ECF No. 5) and plaintiff's corresponding motion for extension of time to serve process on defendant Duruttya (ECF No. 6). A hearing was held via conference call on July 30, 2015. By Order entered the same date, the court directed both parties to make additional filings within fourteen days. Those filings have been made, and the issues are ripe for adjudication. For the reasons set forth below, Duruttya's motion to dismiss will be **GRANTED** and plaintiff's motion for extension **DENIED**.

### I.

This is the second lawsuit filed by Gina Carderelli arising out of an August 14, 2012 automobile accident in Rockingham County. In a complaint filed January 16, 2015, Carderelli alleges that defendant Bradley Duruttya, driving in the course of his employment with defendant Bruker Daltonics, Inc., negligently rear-ended her vehicle. She seeks $200,000 in damages.

Carderelli previously filed an identical complaint in this court on April 25, 2014. See Case No. 5:14cv13, ECF No. 1. A proposed summons was issued to defendant Duruttya, listing his address as 3500 W. Warren Avenue, Fremont, CA. Proof of service was never filed, however, and the Clerk sent plaintiff's counsel notice after both 100 and 120 days had passed, warning that Rule

4(m) of the Federal Rules of Civil Procedure requires service within 120 days of the filing of a complaint. On September 5, 2014, 133 days after the complaint had been filed, Carderelli moved for an extension of time to serve defendants through the Secretary of the Commonwealth, referencing in his motion a P.O. Box 1205, New Castle, CA address for defendant Duruttya and the 3500 W. Warren Avenue, Fremont, CA address for defendant Bruker. The court granted the motion for extension by Order entered September 8, 2014, and gave plaintiff until November 1, 2014 to confirm service of process on defendants. Carderelli filed an executed affidavit of service of process on the Secretary of the Commonwealth on September 19, 2014, which listed the address for both Duruttya and Bruker as 3500 W. Warren Ave., Fremont, CA. No response to the complaint was filed by either defendant. The Clerk entered default at plaintiff's request on December 15, 2014, and, the same day, both defendants moved to dismiss for insufficient service of process. In his motion to dismiss, defendant Duruttya stated that he "does not live at 3500 W. Warren Ave., Fremont, CA nor has he ever lived in California, nor kept such a P.O. Box of 1205 New Castle, CA 95658." Case No. 5:14cv13, ECF No. 16. Duruttya argued plaintiff failed to effect service properly through any of the methods outlined in Federal Rule of Civil Procedure 4(e)(2). He further contended that Carderelli did not satisfy the requirements of Virginia Code § 8.01-329(B) and (C), governing service on the Secretary of the Commonwealth, because she provided a single affidavit of compliance listing the same address for both defendants – Duruttya, an individual, and Bruker, his corporate employer. Duruttya argued this "shows the extreme neglect with which Plaintiff attempted to serve the defendants."[1] Case No. 5:14cv13, ECF No. 16, at 5-6; see also Case No. 5:14cv13, ECF No. 16, at 8. Two days after defendants filed their motions to dismiss, plaintiff filed

---

[1] For its part, Bruker Daltonics argued that Carderelli failed to perform even a cursory internet search for the company's principal office, which is in Massachusetts, and failed to attempt service on its registered agent in Virginia, whose existence Carderelli was plainly aware of, as she previously submitted a request to waive service of process to that address. Thus, according to Bruker, Carderelli failed to meet the requirements of Rule 4(h) or to perfect substituted service through the Secretary of the Commonwealth pursuant to Virginia Code § 8.01-329. See Case No. 5:14cv13, ECF No. 14.

a notice of voluntary dismissal pursuant to Rule 41(a) and the case was dismissed by Order entered January 9, 2015. One week later, Carderelli filed her complaint in the instant case.

In this second case, defendant Bruker Daltonics waived service of process and filed an answer on March 19, 2015. But Carderelli again failed to serve defendant Duruttya within 120 days, and Duruttya again moved to dismiss the case against him for insufficient service of process. The summons issued in this case lists Duruttya's address as 3500 W. Warren Avenue, Fremont, CA – the same address Duruttya made known in the previous case was not and had never been an address at which he lived. Duruttya argues in his motion to dismiss that Carderelli "apparently took no steps to locate Mr. Duruttya or to ascertain a good address for Mr. Duruttya, but rather identified the same incorrect address for Mr. Duruttya as she had in the previously filed action," and "has taken no further steps to try to serve Mr. Duruttya other than the ineffective summons issued with the incorrect address." Mot. to Dismiss, ECF No. 5, at ¶¶ 6-7. Indeed, while Carderelli moved for an extension of time to serve Duruttya in this case, she did so *after* Duruttya had already moved to dismiss for improper service, well outside the 120 day deadline set forth in Rule 4(m).

In response to questions concerning plaintiff's efforts to locate Duruttya, Carderelli's counsel indicated at the July 30th hearing that he had hired a private investigator but could not remember the date on which he had done so. Counsel stated the day after plaintiff filed the motion for extension, he had a Brunswick, Maryland address for Duruttya and filed a proposed summons on June 4, 2015.[2] But defense counsel insists Carderelli's mother knew as far back as 2012 that Duruttya resided in Maryland and argues there is no excuse for plaintiff's lack of diligence in obtaining proper service on Duruttya in light of that fact. At the hearing, the court ordered plaintiff's counsel to file an affidavit outlining the steps taken to locate and serve Duruttya— including the date any private investigator was hired—between the filing of the second complaint on

---

[2] This summons was not issued in light of the pending motions.

3

January 16, 2015, and the filing of Duruttya's motion to dismiss on May 28, 2015. The court further ordered defendant to produce the evidence suggesting Carderelli knew of Duruttya's Maryland residence in 2012. That evidence consists of a Premier Auto Body, Inc. Estimate of Record for Gina Carderelli dated August 16, 2012. The last page of the document contains "Care Center Notes" reported by Kim Carderelli on August 14, 2012, the date of the accident, which state "Reporter believes the IV driver is from Maryland." ECF No. 18-1, at 6.

In a one-paragraph affidavit filed on August 13, 2015, plaintiff's counsel explained his efforts to locate Duruttya as follows:

> Except for the final investigator most of the efforts to locate the defendant, Bradley Duruttya, were performed prior to the filing of suit against defendant on January 16, 2015. That effort, consisting of inquiries of insurance company, checks with DMV and internet search was unsuccessful. As indicated in the hearing on July 30, 2015, the plaintiff's intent was to use discovery on defendant, Bruker Daltonics, Inc., Duruttya's former employer, to locate defendant Duruttya. Dominion Private Investigations, LLC was hired on June 1, 2015 to locate the defendant. As indicated, defendant was found and late service was attempted on June 3, 2015 but not obtained because the Clerk would not act without the Court's approval to serve defendant after 120 days.

ECF No. 21.

With that background in mind, the court turns to the merits of the instant motions.

## II.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Id. Rule 6(b) gives the court discretion to extend deadlines for good cause and specifically provides that when a motion for extension is made after the deadline has expired, as in this case, the court

4

may nevertheless extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Fourth Circuit considered the intersection of these two rules in the case of Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995), and held that while "[b]oth Rule 4(m) and Rule 6(b) allow the district court discretion to extend the time for service," the court may only do so upon a showing of good cause. Id. at 79.

One year later in Henderson v. United States, 517 U.S. 654 (1996), the United States Supreme Court suggested in a footnote that the current version of Rule 4(m) gave district courts the discretion to extend the time for service absent a showing of good cause, citing the Advisory Committee's Notes on the 1993 Amendments to Rule 4. Id. at 658 n.5. Since that time, courts within the Fourth Circuit have struggled with the question of whether the Fourth Circuit's holding Mendez remains good law in light of the dicta in Henderson and have reached different conclusions on the issue. See, e.g., Bolus v. Fleetwood RV, Inc., No. 1:12cv898, 2015 WL 3952211, at *3 (M.D.N.C. June 29, 2015) (collecting cases in which district courts have felt constrained by Mendez in spite of Henderson, but holding the current Rule 4(m) does not require a showing of good cause for extension);[3] Chen v. Mayor & City Council of Baltimore, 292 F.R.D. 288, 293, 293 n.8 (2013) (collecting "avalanche of cases within this circuit that question the validity of Mendez," but ultimately joining "the recent groundswell of cases affirming the import of the good cause requirement announced in Mendez"), aff'd, 546 F. App'x 187 (4th Cir. 2013), cert. granted in part, 135 S. Ct. 475 (2014) (limited to question of whether Rule 4(m) gives district courts discretion to extend the time for service absent a showing of good cause), cert. dismissed, 135 S. Ct. 939 (2015) (on account of petitioner's failure to file timely brief), reh'rg denied, 135 S. Ct. 1485 (2015).

Unpublished Fourth Circuit decisions issued since the 1996 opinion in Henderson suggest the holding in Mendez stands on shaky ground. See Hansan v. Fairfax Cnty. Sch. Bd., 405 F. App'x

---

[3] Bolus is currently pending before the Fourth Circuit on appeal. See Bolus v. Fleetwood RV, Inc., Case No. 15-1922 (filed Aug. 14, 2015).

5

793 (4th Cir. 2010) (district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve, citing Fed. R. Civ. P. 6(b) and Henderson); Giacomo-Tano v. Levine, 199 F.3d 1327, 1999 WL 976481, at *1 (4th Cir. 1999) (unpublished table decision) (citing Henderson for the proposition that a district court may in its discretion grant an extension of time for service absent good cause); Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d 237, 1999 WL 957698, at *2 (4th Cir. 1999) (unpublished table decision) (finding the Supreme Court's statement in Henderson as to the meaning of Rule 4(m) to be persuasive). The court need not resolve this issue to decide the instant motions, however. Even assuming the court has the discretion to extend the time for service under Rule 4(m) absent a showing of good cause, it declines to exercise that discretion given the circumstances presented in this case.

### III.

Carderelli makes no argument that there is good cause to extend the time for service, nor does the court find good cause.

> "[T]o establish good cause, Plaintiff must show that [s]he acted in good faith and demonstrate some form of due diligence in attempting service." Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003) (citing 1 James W. Moore et al., Moore's Fed. Practice § 4.82[1] (3d ed. 2002)). "Mistake of law, misunderstanding of the rules, and inadvertence do not amount to 'good cause' under Rule 4(m)." United States ex rel. Shaw Env't, Inc. v. Gulf Ins. Co., 225 F.R.D. 526, 528 (E.D.Va. 2005).

Bolus, 2015 WL 3952211, at *3; see also Hoffman v. Baltimore Police Dep't, 379 F. Supp. 2d 778, 786 (D. Md. 2005) ("Typically, for a court to find good cause, some extraordinary circumstance must have impeded service . . . ."). The affidavit filed by plaintiff's counsel reveals that Carderelli did nothing between the filing of this suit on January 16, 2015 and the filing of Duruttya's motion to dismiss on May 28, 2015 to attempt timely service on Duruttya. The proposed summons issued to Duruttya lists the same California address Carderelli was told in the previous case was invalid. Although counsel asserts that "the plaintiff's intent was to use discovery on defendant, Bruker

6

Daltonics, Inc., Duruttya's former employer, to locate defendant Duruttya," ECF No. 21, Carderelli did not move for an extension of time to serve Duruttya, or otherwise ask to take any discovery, until June 1, 2015—after the 120-day deadline had passed and Duruttya had moved to dismiss. And only then did Carderelli hire a private investigator and attempt to locate Duruttya. Id. If Mendez is still good law, Carderelli has made no showing of good cause for her failure to timely serve Duruttya.

Even if good cause is not required and a permissive extension is within the court's discretion, "the [c]ourt would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the [c]ourt must give some import to the rule." Hoffman, 379 F. Supp. 2d at 786-87; accord Hai Xu v. FMS Fin. Solutions, LLC, No. CIV. ELH-10-3196, 2011 WL 2144592, at *2 (D. Md. May 31, 2011). Indeed, some courts have determined that exercise of the court's discretion is governed by Rule 6(b)(1)(B) as well as Rule 4(m) and requires a showing of excusable neglect under circumstances such as those presented in the instant case. See Hansan, 405 F. App'x at 793-94; Bolus, 2015 WL 3952211, at *4. "This rule has generally been interpreted to require 'a demonstration of good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified in the rules.'" U.S. ex rel. Shaw Env't, Inc. v. Gulf Ins. Co., 225 F.R.D. 526, 528 (E.D. Va. 2005) (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2002)). No basis to excuse the untimely service exists here.

Simply put, this is Carderelli's third bite at the apple. In the first case Carderelli filed in this court, she failed to comply with Rule 4(m) and serve Duruttya within the 120 day deadline. After receiving two warning letters from the clerk, and nearly two weeks after the deadline had expired, Carderelli successfully moved for an extension of time. She then attempted service through the Secretary of the Commonwealth using a single affidavit and the same California address for both

7

Duruttya and his employer.  Duruttya argued this method of service was improper and insisted he has never maintained a California address.  Carderelli voluntarily dismissed that case and filed the instant one, gaining an additional 120 days to obtain proper service on Duruttya.  Again she failed to do so.  Inexplicably, the proposed summons issued to Duruttya in this case lists the same erroneous California address used in the previous case, despite the fact that plaintiff had been advised that Duruttya has never lived in California, and the fact that plaintiff's mother appears to have known since the date of the accident that Duruttya resides in Maryland.  More than 120 days passed without Carderelli making any effort whatsoever to locate and serve Duruttya in this case.  Only after the deadline for service had expired and Duruttya had moved to dismiss did Carderelli seek an extension and undertake efforts to locate him.

Carderelli has had ample opportunity to effect proper service on Duruttya but has continually failed to comply with Rule 4's mandates.  No argument can be made that good cause exists to enlarge the period of time for service.  To the extent the court has the discretion to extend the 120-day service deadline in the absence of good cause, it declines to exercise its discretion under these circumstances.  Plaintiff has neither demonstrated excusable neglect nor given the court any reason whatsoever to excuse her untimely service.

**IV.**

As such, Carderelli's motion for extension will be **DENIED**, Duruttya's motion to dismiss will be **GRANTED**, and plaintiff's claims against defendant Duruttya will be **DISMISSED** without prejudice.

An appropriate Order will be entered.

Entered:  September 14, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

8